

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2003

# USA v. Ewing

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1768

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Ewing" (2003). *2003 Decisions.* Paper 119.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/119

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-1768

UNITED STATES OF AMERICA

v.

JIHAD EWING,
a/k/a
JAHID JAMES
a/k/a
JIHAD JACKSON,
a/k/a
JAHID LAND

Jihad Ewing,

Appellant

Appeal from the Final Judgment in a Criminal Case
of the United States District Court for the District of New Jersey
(Crim. No. 02-cr-00644)
District Court: Hon. Jerome B. Simandle

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2003

Before: McKEE and SMITH, <u>Circuit Judges</u>,
and SCHILLER, <u>District Judge</u>.[1]

(OPINION Filed November 7, 2003)

---

[1]Honorable Berle M. Schiller, U.S. District Judge, Eastern District of Pennsylvania
sitting by designation.

1

McKEE, <u>Circuit Judge</u>.

Jihad Ewing appeals from the district court's imposition of a term of imprisonment of 100 months following his guilty plea to the charge of illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), we have reviewed the possible contentions which the defendant could raise on appeal. These include issues raised in defense counsel's *Anders* Brief as well as additional issues raised in a *pro se* Informal Brief filed by Ewing. For the reasons that follow, we will affirm.

## I.

Because we write only for the parties, it is not necessary to recite the facts of this case in detail. It is sufficient to note that Ewing entered a plea of guilty to a single count indictment charging him with illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2.[2] As a result of his plea, he faced a term of imprisonment of not more than 10 years, a fine, or both.

The Presentence Report identified Ewing's Offense Level as 25 and his Criminal History Category as V. Accordingly, the sentencing range pursuant to U.S.S.G. § 5A was 100 to 125 months. However, the statutory maximum provision of 18 U.S.C. §922(g)(1) capped his potential liability at 120 months, making Ewing's sentencing range

---

[2]Pursuant to a negotiated plea agreement, the government agreed not to bring additional drug charges against Ewing in exchange for his guilty plea.

100 to 120 months.

At sentencing, Ewing sought a downward departure, asserting an overstatement of criminal history, pursuant to U.S.S.G. §4A1.3 and a concurrent or downward adjustment to account for time already served on a related State offense. The district court made a discretionary decision not to depart, but did order Ewing's federal sentence to run concurrent with six months remaining on his state sentence. The district court adopted the calculation of the Presentence Report and found a total offense level of 25[3], and a criminal history category of V. Ewing was thereby sentenced to 100 months incarceration and a three-year term of supervised release.

## II.

As noted, briefs were submitted by both defense counsel and Ewing.

### A. Possible Issues Mentioned by Defense Counsel in the *Anders* Brief

The record clearly reflects that the district court fully complied with the requirements of Fed. R. Crim. P. 11 in conducting the change of plea hearing and accepting Ewing's guilty plea. The transcript of the change of plea hearing demonstrates that the constitutional mandates of *Boykin v. Alabama*, 395 U.S. 238 (1969) were met. Accordingly, there are no questions as to Ewing's competence or the truthfulness of his

---

[3]Pursuant to the plea agreement, Ewing waived the right to appeal the offense level if the total offense level was equal to or less than 25, and the government agreed to waive its right to appeal if the total offense level was equal to or greater than 25. Therefore, the district court's finding of a base offense level of 25 prohibited either party from appealing the offense level.

admissions, and no issue has been preserved for appeal with respect to the validity of Ewing's guilty plea.

The record also reflects that the district court complied with all of the requirements of Rule 32 in imposing the sentence. The sentencing guidelines provided a range of 100 to 120 months given Ewing's Offense Level of 25 and Criminal History Category of V. The 100 month sentence imposed was the lowest possible sentence within that range. The court did not misapply the guidelines, impose a sentence greater than that called for by the guidelines, or exceed the maximum penalty provided by law.

Finally, the district court refused to grant Ewing's motion for a downward departure from the Sentencing Guidelines. At sentencing, Ewing sought a downward departure, asserting that Criminal History Category V overrepresented the seriousness of his prior criminal history and the likelihood of recidivism. He also claimed a reduction was warranted, pursuant to U.S.S.G. §5G1.3, to give him credit for the time he had already spent in custody on a related state charge. The district court made a discretionary decision not to depart and noted that although it had the authority to depart, departure was not warranted in this case. Because the Court recognized that it had the power to depart, but chose not to, the district court's discretionary decision is not reviewable on appeal. *See, e.g., United States v. Sally,* 116 F.3d 76, 78-79 (3rd Cir. 1997).

For the foregoing reasons, there are no non-frivolous issues raised in the brief defense counsel filed pursuant to *Anders v. California*, 386 U.S. 738 (1967).

4

## B. Issues Raised in Ewing's *Pro Se* Informal Brief

Ewing filed a *pro se* "Informal Brief" identifying additional issues which could provide grounds for an appeal. The Informal Brief raised the following issues: (1) Ewing was placed in double jeopardy because his prior convictions were used in determining his current sentence; (2) plea counsel was ineffective because of a conflict of interest associated with an oath he had taken, similar to that taken by the prosecutor; (3) the Government failed to prove the movement in interstate commerce element of 18 U.S.C. § 922(g); and (4) Ewing's prior convictions were sustained in state court and should not have been considered in calculating his Criminal History Category for a Federal sentence.

All of the issues raised in the Informal Brief are frivolous. Moreover, even if they had not been waived by Ewing's voluntary guilty plea they could only be reviewed for "plain error". *See United States v. Olano*, 507 U.S. 725 (1993). There has been no demonstration of error, let alone plain error. We therefore find there are no conceivable non-frivolous issues present in this record to sustain an appeal.

## III.

For all of the above reasons, we will affirm the judgment and conviction of the district court and dismiss the appeal.

---

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

5

/s/ Theodore A. McKee
Circuit Judge